## B. H. PAYNE *v.* E. D. PAYNE, ET AL.

**Setting Aside Award.**

> The courts have the right to set aside an award upon equitable principles. Fraud or palpable mistake as to the law or facts is the only ground for revising an award by the chancellor.

### APPEAL FROM BUTLER CIRCUIT COURT.

#### September 20, 1879.

OPINION BY JUDGE PRYOR:

It appears from the record in this case that the questions at issue between the parties were submitted to the arbitrament of Payne and Clark, the two having been selected to adjust the differences between them, and their report or award to be made the judgment of the court. The power of the chancellor to determine the equitable rights of the parties has been taken from him, and a statutory reference agreed upon, and now this court is asked to reverse the judgment below for no other reason than that the weight of the evidence upon many of the issues is with the plaintiff. The award, it is true, by the entry of record, was to be made the judgment of the court, and so of every statutory award made between parties, and although an appeal is allowed in this case this court will not disturb a judgment that was not rendered by the chancellor. The right is reserved to the courts to set aside an award upon equitable principles, as if no statute in regard to awards had been enacted. Fraud or palpable mistake as to

the law or facts is the only ground for revising an award by the chancellor. Exceptions may be taken to an award made under the statute, for the reason that the statute has not been followed, but no such exception can be sustained in this case, as the parties have dispensed with many of the formalities by an entry of record, and if not we perceive no objection to its validity.

There is not a single issue presented in the case about which proof has been introduced, that is not supported by testimony on each side, and in many instances so conflicting as to make the statements irreconcilable. There is no fraud on the part of the arbitrators, and no palpable mistake of law or fact. Whether the $15,000 note belonged to the plaintiff is involved in doubt, and as to the nature of defendant's title to the land, no defect has been pointed out, except the existence of encumbrances that were known to the appellant when he made the purchase. Waiving, however, the discussion of the facts in the case, parties litigant have no power to divest the chancellor of his jurisdiction, except in the manner provided by the statute, and a judgment or award made by arbitrators will not be regarded as a judgment rendered by the chancellor so as to give this court that supervisory power over the case that it has where the chancellor alone acts.

The powers of courts of chancery over awards have not been increased or diminished by the statute, except in regard to certain formalities connected with the proceeding.

The award in this case was made pursuant to the submission. The parties were present when the hearing took place. The award is made the judgment of the court. An award is intended to be a final settlement of the controversy between the parties, and an agreement that it shall not be so regarded will not give this court the jurisdiction to reverse or affirm the judgment as in ordinary cases. If equitable grounds exist for setting the award aside the chancellor must be appealed to. The award being regular in this case, and no exception taken that can affect its validity under the statute, this court must dismiss the appeal. The same is therefore *dismissed.*

*P. G. Stiver Perkins, for appellant.*